United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 10, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-30700
Summary Calendar

ASSET ONE, LOUISIANA, INC.,

Plaintiff-Appellee,

versus

VULCAN MINERALS & ENERGY, INC.,
formerly known as Playa Minerals &
Energy, Inc.,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 02-0751
--------------------

************************************************************************

CONSOLIDATED WITH

No. 02-30800
Summary Calendar

ASSET ONE, LOUISIANA, INC.,

Plaintiff-Counter Defendant-Appellee,

versus

REGENT ENERGY CORP., formerly

known as Vulcan Minerals &
Energy, Inc., formerly known as
Playa Minerals & Energy, Inc.,

                                        Defendant-Counter Claimant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 02-0466
--------------------

Before BARKSDALE, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

At issue in these consolidated interlocutory appeals is whether the district courts erred in finding that appellee had complied with the requirements of La. Rev. Stat. § 9:5555 so as to avail itself of executory process and in denying the counter-complaint seeking preliminary injunction to arrest executory process foreclosure proceeding.

As an initial matter, the district courts held correctly that appellee submitted the proper materials necessary to avail itself of Louisiana's executory process procedure. La. Civ. Code art. 3298 does not require that a note be paraphed for identification with the mortgage, if the provisions of La. Rev. Stat. § 9:5555 are satisfied.[**] Here, the affidavit supplied by appellee is

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[**] La Rev. Stat. § 9:5555 provides:
§ 5555 Executory process in the case of notes or other obligations not paraphed for identification with the mortgage

A. In accordance with Code of Civil Procedure Article 2636(8), there is no requirement that a note or other written obligation secured by a mortgage be paraphed for identification with the mortgage in order for the mortgagee to have the right to foreclose

sufficient to satisfy Section 5555, which the district courts correctly applied, and thus establishes the debt in issue. Furthermore, there is no variance between the note in issue and the mortgage and no break in the chain of evidence, as asserted by appellant, because there is no requirement that all of the terms of the note be written in the note and that the note cannot incorporate terms from a security agreement.

Accordingly, the judgments of the district courts are affirmed.

---

under the mortgage utilizing Louisiana executory process procedures. For purposes of executory process, the existence, amount, terms, and maturity of the note or other written obligation not evidenced by an instrument paraphed for identification with the act of mortgage or privilege may be proved by written affidavit or verified petition.

B. The affidavit or verified petition may be based upon personal knowledge or upon information and belief derived from records kept in the ordinary course of business of the mortgagee, the creditor whose claim is secured by the privilege, or any other person. The affidavit or verified petition need not particularize or specifically identify the records or date upon which such knowledge, information or belief is based.

C. The affidavit shall be deemed to provide authentic evidence of the existence, amount, terms, and maturity of the obligation for executory purposes.